*336 The opinion of the Court was delivered by
Wardlaw, Ch.
This Court is content with the general conclusion of the circuit decree.
The brief prepared by defendant’s counsel, after reciting the substance of the stipulation in the agreement to dissolve the partnership of Smith & Prothro, that R. P. Smith should make a good title to the premises described in the contract of sale or fully indemnify Prothro against any defect of title, states that “ the agreement for this dissolution was made with the assent of R. F. Smith.” The defect of title thus intimated must be the incumbrance of Bishop Gadsden’s mortgage. In the letter of plaintiff’s solicitor, dated January 24, 1853, it is stated that “ Smith agreed to give Prothro a good title, or to indemnify him against the incumbrance of Bishop Gadsden’s mortgage;” in the reply this statement is not controverted, while other statements are stoutly denied. In the defendant’s answer, too, he says, that he “ was willing to remove the mortgage for the purchase money, if plaintiff would comply with his contract, which he has deliberately refused to do.” We concur with the Chancellor that the plaintiff never intended deliberately to repudiate the contract according to its terms; although he claimed to have a wharf-head built for him, and a right of way over defendant’s bridge, under cover of the contract and without foundation in its terms. He had the right to require, and he required, with defendant’s acquiescénce, the removal of this incumbrance of Bishop Gadsden’s mortgage or indemnity against it. It may be that he acquired knowledge of this incumbrance in the interval between the contract for sale on March 11, 1852. and the dissolution of the partnership of Smith & Prothro on August 2, 1852. But granting that he had notice of the mortgage at the time of sale, if then or afterwards it was agreed that he should be protected against this defect of title — and such agreement maybe fairly deduced from the evidence and the admission of counsel — such notice does not impair his right or defendant’s duty as to indemnity.
The plaintiff, by his misconduct, almost deserves to be de *337 prived of the extraordinary remedy of this Court, but our refusal to extend this remedy to him would work such injury as to amount to injustice.
The Chancellor, from inadvertence, fixed no time in the de-cretal order for the performance of the plaintiff’s stipulations in their nature precedent to anything to be done by defendant. This defect must be supplied. In England, counsel usually attend to settle the minutes of the decree, when the Equity Judge announces his opinion. This precise course is impracticable under our procedure ; birt it would greatly aid the Court, if counsel at the hearing would prepare and submit projets of decretal orders suited to the contingent determination of the Chancellor.
It is ordered and decreed, that the decretal order in this case be so modified, that the plaintiff, within thirty days from the filing of this decree, pay into Court the moneys in arrear upon the contract of sale, and all sums paid by defendant for the State and City taxes since January 1,1852; or that the bill be dismissed. In all other particulars the decree is affirmed and the appeal dismissed.
Johnston, DuNKiNand Dargan,.CC., concurred.

Appeal dismissed.